## FLOE v. PLOWDEN.
### C. A. No. 2592.

United States District Court
E. D. South Carolina.
Charleston Division.
Oct. 20, 1950.

See also D.C., 10 F.R.D. 514.

William S. Hope, E. Lloyd Willcox, Charleston, S. C., for plaintiff.

Charles W. Waring, Robert McC. Figg, Jr., Charleston, S. C., for defendant.

WARING, Chief Judge.

This case is an action for the wrongful death of Plaintiff's intestate alleged to have been caused through negligence of the Defendant resulting from the collision between an automobile in which the deceased was riding and truck driven by the Defendant. Plaintiff's attorneys had served notice of intention of taking the depositions of some persons among whom is one Leo Dufort. Defendant has filed an objection to summoning this witness, and this raises a substantial question under the discovery provisions of the Rules of Procedure.

It appears that subsequent to the collision, Defendant, through his attorneys, had an investigation made into the matter by Gay and Taylor, a firm of insurance adjusters engaged in business in the city of Charleston. Leo Dufort is an investigator employed by that firm and he proceeded forthwith to make an examination into all the facts and circumstances and made a report to the insurance carrier of the coverage in this case. A subpoena was served upon Dufort commanding him to appear at a certain time and place and to bring with him the following: "the entire file on the accident involving truck of Alfred J. Plowden, Sr., with auto of Wm. Theriault resulting in the death of Sarah G. Theriault and personal injuries to Charles Grady, including accident report or reports, statements of witnesses, reports by adjustor to Insurance Company, memoranda, letters, observations of Adjustor, diagrams, letters from Insurance Company to Gay and Taylor and all other information pertaining to the accident."

The question here is whether the Court should allow this examination or should direct that Mr. Dufort be excused from appearing and producing the documents called for. Let us first clearly understand that this is not a proceeding under Rules 33 or 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. These are not requests or demands served upon an adverse party for production of documents, and they are not interrogatories. The proceeding is wholly and entirely under Rule 26 which allows a witness to be examined and his deposition taken either upon oral examination or written interrogatories. Subsection (b) of that rule outlines the matters which may be inquired into: "Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description,

nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

If Dufort has any personal knowledge or information that would render him a competent witness, he, of course, may be examined as to those things. But the objection here is that he knows nothing, himself, of the facts of the case but was employed as an insurance adjuster or investigator to find out these facts and report them to his employer for the purpose of informing attorneys for the Defendant of them and furnish material on which to base their advice and to conduct the defense of the pending case. The position is taken that this investigator shall not be required to disclose what he has learned as a result of his investigation.

Of course, any decision in this matter leads us back to the opinion of the Supreme Court of the United States in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Counsel have cited to me a large number of decisions of lower courts upon deposition-discovery matters. They cover a wide range of view and are in considerable conflict. Essentially, matters of this kind often boil down to the discussion of the individual facts of the case before the judge and many of them are within the sound discretion of the trial judge.

Applying the opinion in the Hickman case and in the light of subsequent opinions by many trial courts, we may first say that undoubtedly any information gathered by Dufort will not be considered as privileged under the attorney-and-client theory and knowledge which this witness has acquired cannot be withheld on that ground.

But this does not necessarily mean that a Plaintiff can obtain the services of an investigator paid for by the Defendant and reap all the benefit of such work. Neither the Defendant nor the investigator will be allowed to withhold the knowledge of substantive facts in his possession. The Defendant, himself, or the investigator may be required to appear and testify and give the names and addresses of all witnesses whom they know to have knowledge of the case. So far as documents or statements are concerned, they may be sought by interrogatories and the other methods of discovery. I am of the opinion that this investigator may be called as a witness and may be interrogated as to just what he did, what he saw at the place of collision, the condition of the colliding vehicles, the condition of the roadway, character of pavement, location of ditches, sideroads, curves, elevations or any and all other physical facts that came to his attention. I think that he may be called upon to produce any photographs or delineations of any of the foregoing matters or other similar or pertinent things. He may be required to state whom he interviewed and give their names and addresses. And so there will be made available to the Plaintiff, the names and addresses of any and all witnesses discovered, seen, or interviewed by that investigator. At this time, I see no reason why copies of statements obtained from witnesses should be furnished to Plaintiff. If these witnesses are known and available to him, he may take their depositions as readily as may the Defendant. And I think that the ruling in the Hickman case clearly pre-supposes this view of the matter. If it be shown that named witnesses are not available, then further applications may be made for relief by furnishing statements. I do not believe that the witness should be required to bring all of his file including his reports, memoranda, letters and observations and the other details called for and open them to the inspection of Plaintiff excepting so far as they may be needful or useful to refresh his memory or aid him in being definite and positive in answering the questions or giving the information envisaged in the foregoing observations. And I do not think that this includes letters of advice or opinion by this investigator to his superiors.

■ And so I shall allow the testimony of Dufort to be taken at such time and place as may be fixed by a future summons and he may be required to bring with him such matters and documents as will come within the purview of a proper scope of examination. It may be that when his testimony is taken, it will be found that there are other matters and more information which he should produce and if counsel find or believe that he has failed or refused to give them adequate information within the scope of the foregoing views, they may apply to this court for further relief. Accordingly it is

Ordered, that the Plaintiff be allowed to summon Leo Dufort for the purpose of taking his deposition at some reasonable time and place; such deposition to cover fully all matters relevant to the cause of action in this case and within the limitations of the views hereinabove expressed.