**Meria BURR d/b/a Burr & Burr, Appellant (Plaintiff Below),**

v.

**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee (Defendant Below).**

No. 56A04–8912–CV–575.

Court of Appeals of Indiana, Fourth District.

Oct. 15, 1990.

Bessie M. Taylor, Gary, for appellant.

John S. Beeman, Timothy J. Hulett, Robert S. O'Dell, Harrison & Moberly, Indianapolis, for appellee.

CONOVER, Judge.

Plaintiff–Appellant Meria Burr d/b/a Burr & Burr (Burr) appeals the trial court's interlocutory order prohibiting discovery of material deemed work product by Defendant–Appellee United Farm Bureau Mutual Insurance Company (UFB) in Burr's breach of contract and bad faith claim for failure to settle Burr's claim for fire loss.

We affirm in part and remand in part.

Burr presents the following restated issues for our review:

1. whether the trial court erred when it determined UFB anticipated litigation in the matter on July 13, 1987 and the work product privilege began on that date;

2. whether the trial court erred when it determined the work product privilege applied to all documents prepared or acquired by UFB after that date; and

3. whether the trial court erred when it determined the work product privilege applied to the mental impressions, conclusions and opinions of UFB representatives in anticipation of litigation on or after July 13, 1987.

Burr's business was insured by UFB and destroyed by fire on July 6, 1987. Burr submitted her claim and UFB began its investigation which revealed the fire was an incendiary or intentionally-set fire. Due to the nature of the loss, UFB hired an independent adjuster, Jerry Sobczak (Sobczak), with experience in fire losses, and Mike Nastoff (Nastoff) of "The Fire Company" to investigate the cause and origin of the fire. Within two days of the fire UFB learned the following:

1. Burr's business was closed by the Department of Revenue;

2. Burr was delinquent in property and sales taxes;

3. Burr and her son Jesse Burr were at the building before the fire was discovered;

4. Jesse Burr was seen removing items from the building the night before the fire;

5. The building was secure at the time of the fire indicating no one broke into the building; and

6. Within twenty-four additional hours UFB knew the fire was suspicious in origin.

When Lester Cardwell (Cardwell), an adjuster for UFB, determined litigation was likely to occur, UFB retained Harrison & Moberly as legal counsel on July 13, 1987.

In July, 1988, Burr filed her complaint alleging bad faith for failure to pay the claim and breach of contract. Burr then filed a motion for production of documents to which UFB objected. UFB asserted the attorney-client privilege and claimed those items generated or obtained after July 13, 1987 were in anticipation of litigation and protected by the work product privilege. Burr filed a motion to compel to which UFB responded with a motion for protective order. The court made the following ruling:

The Court being duly advised now grants Plaintiff's Motion to Compel discovery insofar as it related to any documents or other information relating to the investigation of this claim by United Farm Bureau Mutual Insurance Company up to and including the date of July 12, 1987. With respect to any documents or information relating to the plaintiff's claim after July 13, 1987, the Court finds that the Plaintiff is not entitled to those documents and information as they constitute documents and information relating to the defense of this claim and are not subject to discovery under the work product rule.

The order herein entered by the Court is applicable also to the subpoena duces tecum issued by the plaintiff; that is to say, that said subpoena is restricted to all records, memoranda, recordings and documents which the United Farm Bureau Mutual Insurance Company had in its *possession* as of July 12, 1987. In all other respects said subpoena shall be and

the same is hereby quashed. (Emphasis added).

(R. 92).

Sobczak and Cardwell were then deposed in April, 1989 and the depositions were ordered published by the trial court. During the depositions, UFB objected to discovery of information obtained in anticipation of litigation after July 12, 1987. UFB provided the identities of the persons interviewed by Sobczak and Cardwell. Burr then filed a second motion to compel and a second motion for production of documents to which UFB objected. Burr then filed her third motion to compel discovery and sanctions. UFB responded, both parties submitted memoranda and the trial court entered the following order

The Court having been advised that it had not ruled on plaintiff's second and third motions to compel discovery and sanctions and defendant's response thereto, together with defendant's request for further protective order, and the Court being duly advised now denies plaintiff's second and third motions to compel discovery and sanctions, and now reaffirms the protective order of this court entered on March 17, 1989 and sustains defendant Farm Bureau's objection to plaintiff's request for production Numbers 2, 3, 4, and 6.

(R. 415).

Thereafter, Burr filed a motion to reconsider which the trial court denied. Burr appeals the March 17, and November 22, 1989 order of the court.

Burr contends the trial court abused its discretion when it determined the work product privilege prohibited her from viewing UFB's investigative file regarding her claim. She maintains UFB cannot claim the work product privilege prior to the time the suit was filed. Additionally, Burr maintains UFB failed to establish a prima facie showing of justification for the application of the privilege. We disagree.

■ The trial court exercises judicial discretion in ruling on discovery matters. *Beird v. Figg & Muller Engineers, Inc.* (1987), Ind.App., 516 N.E.2d 1114, 1122, *reh. denied.* We generally review dis-

covery rulings only for an abuse of discretion. *Stewart v. Stewart* (1987), Ind.App., 506 N.E.2d 1132, 1134. A ruling will be reversed only when the trial court reached a conclusion against the logic and natural inferences to be drawn from the facts and circumstances before the court. *Kaufman v. CrediThrift Financial, Inc.* (1984), Ind. App., 465 N.E.2d 207, 210. The reviewing court determines whether the evidence serves as a rational basis for the trial court's decision but may not reweigh the evidence or assess the credibility of witnesses. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1075.

Our research reveals Indiana precedent discussing the work product privilege is limited. In such cases, we will consult federal precedent although not bound by it because of the similarity of our rules with the Federal Rules of Civil Procedure. The federal precedent cited below is persuasive.

The threshold determination in any case involving an assertion of the work-product privilege is whether the materials sought to be protected from disclosure were in fact prepared in anticipation of litigation. *Binks Mfg. Co. v. National Presto Industries, Inc.* (7th Cir.1983), 709 F.2d 1109, 1118. A party seeking to assert the privilege has the burden of proving "at the very least some articulable claim, likely to lead to litigation, [has] arisen." *Id.*, at 1119, quoting *Coastal States Gas Corp. v. Department of Energy* (D.C.Cir.1980), 617 F.2d 854, 865. While there is no clear answer as to when a document becomes a document prepared in anticipation of litigation, the test accepted by our court was announced in *American Buildings Co. v. Kokomo Grain Co., Inc.* (1987), Ind.App., 506 N.E.2d 56, *trans. denied.* There, we said:

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation ...

at 63; quoting 8 Wright & Miller, *Federal Practice & Procedure* § 2024, at 198 (1970). An investigation by an insurance company does not automatically require a finding the investigation was conducted in anticipation of litigation. *Taroli v. General Electric Co.* (N.D.Ind.1987), 114 F.R.D. 97, 98, *aff'd*, (7th Cir.1988) 840 F.2d 920. The fact the plaintiff has hired an attorney does not mandate a finding an investigation was prepared in anticipation of litigation. However, consultation between the insurance company and an attorney during the investigation is an important factor which generally weighs in favor of finding a work product privilege. *Id.* If documents are prepared in anticipation of litigation, they are not discoverable unless the party seeking discovery demonstrates substantial need and an inability to obtain the substantial equivalent of the materials by other means. *CIGNA–INA/Aetna v. Hagerman–Shambaugh* (1985), Ind.App., 473 N.E.2d 1033, 1037, *reh. denied, trans. denied.*

Here, UFB determined within two days of the fire Burr's son was removing property from the building prior to the fire, the business was closed due to failure to pay taxes, the building was secure at the time of the fire and the Burrs were present at the time the fire was discovered. Cardwell determined litigation was likely to occur. UFB retained counsel because of the prospect of litigation. (R. 135). In light of the nature of the documents requested and the factual situation, the trial court did not abuse its discretion in determining UFB anticipated litigation as of July 13, 1987.

Burr contends many of the reports and documents requested were prepared in the ordinary course of business rather than in anticipation of litigation. Specifically, Burr maintains the investigative reports, ordered prior to but not delivered until after July 13, were not prepared in anticipation of litigation and are thus outside the scope of the work product privilege. Further, Burr maintains not all documents contained in the file were prepared in anticipation of litigation. Additionally, Burr maintains even if some of the documents within UFB's files are protected by the work product privilege, a document by document claim must be made rather than a blanket

claim in order for the documents to be protected. We agree.

An insurance company cannot reasonably argue the entirety of its claim files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate, and make a decision with respect to a claim by its insured. *Pete Rinaldi's Fast Foods v. Great American Insurance Cos.* (M.D.N.C.1988), 123 F.R.D. 198, 202. Because an insurance company has a duty in the ordinary course of business to investigate and evaluate claims made by its insureds, the claim files containing such documents usually cannot be entitled to work product protection. *Id.* If the insurer argues it acted in anticipation of litigation before it formally denied the claim, it bears the burden of persuasion by presenting specific evidentiary proof of objective facts demonstrating a resolve to litigate. *Id., Binks, supra,* at 1119. There is no clear cut rule to determine whether an insurance company's investigation is discoverable under T.R. 26(B)(3). *Taroli, supra.* The determination whether the investigation is discoverable depends upon the facts of each case. *Id.* Even after a claim is denied, reports of investigations filed thereafter which contain prior investigation or evaluations, or are merely a continuation of the initial routine investigation, may not be labelled as work product. *Pete Rinaldi, supra,* fn. 4, citing *APL Corp. v. Aetna Cas. & Surety Co.* (D.Md.1980), 91 F.R.D. 10. Further, a case involving bad faith failure to settle requires the plaintiff to know the substance of the investigation, the information available and used to make a decision, and the evaluations and advice relied upon for the decision. *Pete Rinaldi, supra,* at 203. Any document prepared in the ordinary course of business and not in anticipation of trial or litigation is routinely discoverable without any showing of need under T.R. 26(B)(3) notwithstanding whether it contains mental impressions, conclusions, opinions and legal theories. *Thomas Organ Co. v. Jadranska Slobodna Plovidba* (N.D.Ill.1972), 54 F.R.D. 367.

UFB is required to assert its claim of the work product privilege on a document by document basis and may not rely upon a blanket claim of privilege for all documents contained in its file. *Taroli, supra.* Submitting a voluminous batch of documents for *in camera* review does not satisfy a proponent's burden of establishing some or all of the documents deserve work product protection. *Pete Rinaldi, supra,* at 203. In cases involving large numbers of documents or where the nature of the document will not likely be readily apparent on its face to the uninitiated observer, the proponent of the work product protection must present the matter *in camera* to the court in a reviewable form which itemizes each document, provides a factual summary of its contents, and justification for withholding it. *Id., See Delaney, Migdail & Young, Chartered v. I.R.S.* (D.C. Cir.1987), 826 F.2d 124, 128. To supplement the rule in *Peterson, infra,* we impose the additional requirement the *in camera* disclosure in work product matters must be so complete and understandable the trial court need not (but may at its option) do any further research or review of other papers on the subject to clarify anomalous language contained in counsel's disclosing document.[1] If such disclosure does not speak with the utmost clarity, the trial court may in the exercise of sound discretion reject it and deny the requested protection out of hand in the interests of judicial economy.

Here, UFB hired counsel on July 13, 1987, just 6 days after the fire. Prior to that time, UFB hired Nastoff and Sobczak to investigate the claim and discover the cause and origin of the fire. The reasons given for hiring Sobczak and Nastoff were the inexperience of the claims adjuster, the size of the claim, and the heavy claims work load at UFB. Within days, UFB claims to have been suspicious of the fire.

All material claimed to be prepared in anticipation of litigation shall be presented

---

1. This requirement obviously is imposed to conserve judicial time, a project of increasing importance to both bench and bar.

to the trial court, *in camera*, in a reviewable form as discussed above, so the trial court may properly determine what is work product material. Anything determined to be work product shall be privileged and the requisite showing will be necessary for Burr to discover it. However, any material determined to fall outside the work product privilege is not shielded from discovery absent another demonstrated privilege. UFB claims the recent Indiana case of *Petersen v. U.S. Reduction Co.* (1989), Ind.App., 547 N.E.2d 860, holds a blanket claim of protection for the work product privilege is adequate. In *Petersen*, the court addressed both the work product and the attorney-client privileges. UFB maintains the court differentiated between the work product and the attorney-client privileges by requiring a document by document assertion of the privilege for the attorney-client privilege protection while allowing a blanket claim of privilege for the work product privilege. However, in *Petersen* the court stated

> ... U.S. Reduction had the burden of establishing at least one of the privileges as to each document requested and did not do so....

Thus, we conclude although the work product privilege relates to the point in time when litigation is anticipated, the privilege must be asserted on a document by document basis and with the utmost clarity. We remand for the court to reconsider its ruling in conformity with this opinion, after counsel has been afforded a reasonable opportunity to amend his filing in this regard.

Burr contends the trial court abused its discretion when it issued a protective order authorizing Cardwell and Sobczak to refrain from answering deposition questions concerning factual information obtained after July 13, 1987. Burr maintains Ind. Trial Rule 23(B)(3) applies only to tangible information and thus the court erred in determining the work product privilege applied to the mental impressions, conclusions and opinions of these UFB representatives in anticipation of litigation on or after July 13, 1987. Further, Burr maintains the deposition questions concerned factual information regarding the investigations. Thus,

he posits, under T.R. 23(B)(3), the deponents should have been required to answer. We disagree.

 The immunity afforded by the work product privilege is no longer limited to the attorney but extends to a party or representative of a party. *CIGNA, supra; American Buildings, supra.* The privilege also extends to documents prepared prior to the actual filing of the case. *CIGNA, supra,* at 1037. Documents may enjoy nearly absolute immunity if they contain the mental impressions, opinions, legal theories or conclusions of an attorney or a representative of a party to the litigation. *American Buildings, supra,* at 65.

 In *In re Murphy* (8th Cir.1977), 560 F.2d 326, 337 the court compared the work product doctrine and the attorney-client privilege. In its discussion the court stated

> Although the "attorney-client privilege and the work product doctrine spring from the same common law origin", the work product doctrine under contemporary law "is distinct from and broader than the attorney-client privilege." The items protected by the work product doctrine are not confined to attorney-client confidential communications. [Federal] Rule 26(b)(3) extends protection to all "documents and tangible things" that are prepared in anticipation of litigation or for trial. Included in this amorphous category are trial preparation documents that contain the fruits of the attorney's investigative endeavors and any compendium of relevant evidence prepared by the attorney. Also protected by Rule 26(b)(3) are the attorney's mental impressions, opinions and legal theories. (Citation omitted).

Additionally, opinion work product enjoys a nearly absolute immunity and only in rare situations can it be discovered. *Id.,* at 339. The immunity extends to a party or representative of a party if the information was gathered with the anticipation litigation might occur. *American Buildings Co., supra,* at 63.

The privilege created under T.R. 26(B)(3) covers intangible as well as tangible material. *Laxalt v. McClatchy* (D.Nev. 1987), 116 F.R.D. 438, 441. The rule itself indicates "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3)... Opposing counsel cannot be allowed to gain access to "opinion work product" simply because the information has not been reduced to a tangible form. *Id.* Such opinion work product enjoys an almost absolute immunity from discovery. *Id.* Thus, not even a showing of substantial need, lack of substantial equivalent, and undue hardship can force the disclosure of these materials. *Id.*

The *Laxalt* court went on to discuss whether deponents must divulge facts and knowledge gained solely in their capacity as defendants' investigators. In addressing this question, the court stated

Relevant case law, however, indicates that this section of the rule has been interpreted to require a party's investigators to reveal all factual information which they have uncovered as a result of their investigation.

Work product does not protect the facts which an adverse party has learned or the persons from whom such facts were garnered. *Id.*, (citing *Eoppolo v. National Railroad Passenger Corp.* (E.D.Pa.1985), 108 F.R.D. 292, 294.). In *Eoppolo*, the court emphasized the defendants "would not be required to divulge counsel's view of the case, which facts counsel considered significant, or what specific questions were asked of witnesses by the defendant's investigators." The court found this type of information to be mental impression, protected by the rule. *Id.* However, this does not necessarily mean a plaintiff can obtain the services of an investigator paid for by the defendant and reap all the benefit of the work. *Floe v. Plowden* (E.D.S.C.1950), 10 F.R.D. 504, 506. The investigator may be required to appear, testify, and give the names and addresses of all witnesses whom they know to have knowledge of the case. *Id.* If these witnesses are known and available, the plaintiff may take their depositions as readily as may the defendant. *Id.* One party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable. *Laxalt, supra,* at 442.

Here, both Cardwell and Sobczak were instructed not to answer questions regarding what they learned after July 13, 1987. The cases cited above indicate both men may respond to questions concerning the relevant facts of the case. Both deponents gave the names and addresses of the witnesses interviewed to the plaintiff. UFB disclosed its investigation revealed the fire was incendiary or intentionally set and other relevant facts. However, after remand, if it is determined the underlying documents are not protected by the work product privilege, those documents will be discoverable by Burr. If it is determined the documents are privileged, Burr has the names and addresses of the witnesses and may hire her own investigator. The trial court did not abuse its discretion.

Affirmed in part, but remanded for the court to reconsider its orders in conformity with this opinion.

CHEZEM and STATON, JJ., concur.