David R. POTTS, M.D., Appellant–
Defendant,

v.

Kaleb C. WILLIAMS, Appellee–
Plaintiff.

No. 79A02–0008–CV–504.

Court of Appeals of Indiana.

May 11, 2001.

---

James D. McQuillan, James L. Hough, Spangler, Jennings & Dougherty, Merrillville, IN, Attorneys for Appellant.

F. Boyd Hovde, Nicholas C. Deets, Hovde Law Firm, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

David Potts, M.D. appeals the jury verdict against him in favor of Kaleb Williams

("Kaleb") on Kaleb's claim for medical malpractice. Dr. Potts presents the following restated issues for our review:

1. Whether the trial court abused its discretion when it refused to give one of his tendered instructions.

2. Whether the trial court abused its discretion when it denied his motion to compel Kaleb to produce documents to be used in cross-examination of Dr. Potts' expert witness.

3. Whether the trial court erred when it failed to re-read the jury instructions during the jury's deliberations.

4. Whether the trial court erred when it admitted into evidence copies of the parties' submissions to the medical review panel.

5. Whether the trial court erred when it denied his motion for directed verdict on the ground that Kaleb had failed to prove the element of proximate cause.

We affirm.[1]

### FACTS AND PROCEDURAL HISTORY

Kaleb was born on November 30, 1989, to Monica and Randy Williams, and he weighed ten pounds, ten ounces at birth. Because of Kaleb's large size, the delivery was somewhat difficult. Dr. Potts used forceps to pull on Kaleb's head and gained leverage by placing his knee into Monica's buttock. After the delivery, Kaleb's left arm appeared flaccid. Dr. Potts diagnosed Kaleb with a broken right clavicle and a brachial plexus injury.[2] As Kaleb grew older, he was essentially unable to use his

---

1. We deny Kaleb's request for oral argument.

2. The brachial plexus is "a series of nerves that come out of the spine in the neck from the fifth cervical vertebra [through the] first thoracic [vertebra] that merge in the neck and then ... go down the back ... into the shoul-

left arm as a result of the brachial plexus injury. He could not feed or dress himself, and he could not play sports with his friends. At age ten, Kaleb underwent two reconstructive surgeries which improved the strength and range of motion in his left shoulder and hand. However, his left shoulder, arm, and hand functions continue to be impaired.

Kaleb filed a proposed complaint against Dr. Potts and submitted his claim to a medical review panel, which issued a unanimous opinion that Dr. Potts had failed to meet the applicable standard of care and that such conduct was a factor in producing Kaleb's injury. At trial, Dr. Potts moved for judgment on the evidence, claiming that Kaleb had failed to prove the element of proximate cause. The trial court denied that motion and proceeded with the trial. Dr. Potts renewed his motion at the close of all the evidence, and the trial court again denied the motion. The jury returned a verdict in favor of Kaleb in the amount of $400,000.00.

## DISCUSSION AND DECISION

### Issue One: Jury Instruction

██ Dr. Potts first contends the trial court erred when it refused to give the following tendered instruction:

> The law does not require that Dr. Potts guarantee that he will make an accurate diagnosis, that the patient will have no complications, or even that they will obtain a good result. The law also does not impose upon the defendant the obligation of effecting a cure. Accordingly, the fact that a patient experiences a complication or injury is not evidence, by itself, that negligence is present.

> The fact that a complication or injury occurs, or proof of less than a good result does not permit an inference of negligence against Dr. Potts.

Record at 435.

██ The instruction of the jury is within the discretion of the trial court and it is reviewed only for an abuse of discretion. *Tanner v. State*, 471 N.E.2d 665, 667 (Ind.1984). The test applied to review a trial court's decision to give a tendered instruction is: 1) whether the instruction correctly states the law; 2) whether there is evidence in the record to support giving the instruction; and 3) whether the substance of the instruction is covered by other instructions which are given. *Custard v. State*, 629 N.E.2d 1289, 1292 (Ind. Ct.App.1994).

██ Here, the circumstances did not support the giving of Dr. Potts' tendered instruction because there was evidence other than Kaleb's injury, namely, the medical review panel opinion, to support the jury's determination of negligence. *See, e.g., Eagle Motor Lines, Inc. v. Galloway*, 426 N.E.2d 1322, 1326 (Ind.Ct.App. 1981) (affirming trial court's refusal to give "misleading" tendered instruction which stated evidence that defendant's name was on truck was "wholly insufficient" to support inference of agency relationship where other evidence of agency was introduced). Moreover, the substance of the instruction was partially covered by two other instructions given to the jury, which provided as follows:

> In deciding whether David R. Potts, MD exercised reasonable care and skill in the treatment of a patient, you must consider only the expert testimony of

der, around the front, and then down the arm all the way to the hand." Record at 1966. A brachial plexus injury can occur when excessive traction or force is used in trying to deliver a baby, causing the nerves to be stretched or torn. Record at 1972. Such injuries can be either temporary or permanent.

qualified health care providers who are members of David R. Potts, MD's profession.

\* \* \*

Unless stated or agreed otherwise, David R. Potts, MD in treating a patient has a duty to use that degree of care and skill ordinarily possessed by other health care providers practicing in the same field. If David R. Potts, MD exercises sound judgment in selecting from a variety of approved treatments and uses ordinary care and skill in treating a patient, then David R. Potts, MD is not responsible for the treatment's lack of success.

Record at 462, 466. In addition, we question whether Dr. Potts' tendered instruction is an accurate statement of the law. We consider the final sentence of the instruction to be a mischaracterization of the law in that it could be construed as prohibiting any inference of negligence whatsoever. *See Cua v. Ramos,* 433 N.E.2d 745, 749 (Ind.1982) (noting that "[a] trial court does not have a duty to modify a defective instruction.") In sum, the trial court did not abuse its discretion when it refused to give Dr. Potts' tendered instruction.

### Issue Two: Motion to Compel Discovery

Dr. Potts next contends the trial court abused its discretion when it denied his motion to compel Kaleb to provide copies of materials Kaleb intended to use on cross-examination of Dr. Potts' expert witness, Dr. James Nocon. Specifically, Dr. Potts argues that the materials were not privileged work product, as Kaleb maintained, and were subject to discovery. At trial, Kaleb cross-examined Dr. Nocon regarding his testimony in other, unrelated brachial plexus injury cases. Dr. Potts objected, citing prejudice due to the court's denial of its prior motion to compel

Kaleb to produce copies of "all materials, depositions, reports or other documents or publications relating to Dr. James Nocon in the possession of [Kaleb's] attorney." Record at 43. Dr. Potts argued that he had no way to know whether Kaleb was accurately restating Dr. Nocon's prior testimony without access to the relevant documents. The trial court denied that objection.

The trial court exercises judicial discretion in ruling on discovery matters. *Burr v. United Farm Bureau Mut. Ins. Co.,* 560 N.E.2d 1250, 1253 (Ind.Ct.App. 1990), *trans. denied.* We generally review discovery rulings only for an abuse of discretion. *Id.* at 1253–54. A ruling will be reversed only when the trial court reached a conclusion against the logic and natural inferences to be drawn from the facts and circumstances before the court. *Id.* at 1254.

Indiana Trial Rule 26(B)(3) defines the work product privilege. According to the rule, a party may obtain discovery of documents and tangible things otherwise discoverable and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery: 1) has a substantial need for the materials in the preparation of his case; and 2) is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *Id.; National Eng'g & Contracting Co., Inc. v. C & P Eng'g & Mfg. Co., Inc.,* 676 N.E.2d 372, 376 (Ind. Ct.App.1997). A document is gathered in anticipation of litigation if the document can fairly be said to have been prepared or obtained because of the prospect of litigation. *Id.* at 377. Products of investigation are work product because their subject matter relates to the preparation, strategy, and appraisal of the strengths

and weaknesses of an action, or to the activities of the attorneys involved. *Id.* at 376. The requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side. *Id.*

 Here, in preparation for his cross-examination of Dr. Nocon, Kaleb obtained copies of depositions and trial transcripts of Dr. Nocon's testimony in other shoulder dystocia cases. Those documents thus constituted Kaleb's work-product and were not discoverable absent a special showing. Because Dr. Potts had equal, if not better, access to Dr. Nocon's prior testimony, the trial court did not abuse its discretion when it denied Dr. Potts' motion to compel discovery.[3]

### Issue Three: Jury's Request

 Dr. Potts next contends the trial court erred when it failed to re-read the jury instructions to the jurors after they requested to see a copy of the instructions during the course of deliberations. The following colloquy occurred:

[Trial Court:] [What is your] [r]esponse [to the jury's question?]

[Kaleb's counsel:] No.

[Dr. Potts' counsel:] My response would be that no … you cannot have the jury instructions[,] but I would offer

to read the jury instructions again to them.

[Trial Court:] What's your response on that?

\* \* \*

[Kaleb's counsel:] [N]o they can't have the instructions and I would simply answer the question and see where they want to go from there.

[Trial Court:] So I'm inclined to [answer] no [to the request to see the jury instructions].

Record at 520–21. No further comment was made by either party on the issue, and Dr. Potts did not object to the trial court's decision.

 It is well settled that a failure to object at trial results in waiver of the issue on appeal. *Mitchell v. State*, 726 N.E.2d 1228, 1235 (Ind.2000). Here, Dr. Potts made no objection when the trial court denied the jury's request and proceeded with deliberations without re-reading the instructions. Dr. Potts agreed that the jurors should not be given the instructions, and his mere suggestion that the trial court re-read the instructions to the jury is insufficient to preserve the issue on appeal. *See, e.g., S.M. v. Elkhart County Office of Family and Children*, 706 N.E.2d 596, 599 (Ind.Ct.App.1999) (finding waiver of appellant's challenge to trial court's decision to exclude her from court room during children's testimony where appellant merely suggested alternative and made no objection). As such, the issue is waived.

---

**3.** On appeal, Dr. Potts also argues that he should have been permitted to introduce additional excerpts of Dr. Nocon's prior testimony pursuant to Indiana Rule of Evidence 106, which provides: "When a writing … or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part [of the writing] …

which in fairness ought to be considered contemporaneously with it." Because Dr. Potts did not make any objection or argument based upon Rule 106 to the trial court, however, the issue is waived. *See Daniel v. State*, 526 N.E.2d 1157, 1162 (Ind.1988) (noting party cannot object on one basis at trial and argue different basis on appeal).

### Issue Four: Panel Submissions

Dr. Potts further contends the trial court abused its discretion when it admitted into evidence the parties' submissions to the medical review panel. Specifically, Dr. Potts argues that the submissions contain hearsay and legal arguments and were therefore inadmissible. Kaleb responds that the submissions were admissible in light of Dr. Potts' challenges to the panel members' credibility, and, in the alternative, that their admission was harmless error because the submissions were never displayed to the jury.

The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *Adkins v. State*, 703 N.E.2d 182, 186 (Ind.Ct.App. 1998). We will reverse a trial court's decision only for an abuse of discretion, that is, only when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id.* In addition, this court will not reverse a judgment for an error concerning the admission of evidence unless there is a showing by the party opposing such evidence that he was prejudiced thereby. *Brummett v. Pilotte*, 181 Ind.App. 135, 390 N.E.2d 705, 708 (1979).

At the time the trial court admitted the submissions into evidence, they were not passed to the jury. Instead, the trial court stated, "If there's no objection we'll wait until another opening in the trial, is that okay?" Record at 1008. There is nothing in the record, however, to indicate that the jury ever viewed the submissions, and Dr. Potts argues only that it is "likely" they were shown to the jury. Reply Brief of Appellant at 10. Without showing that the jurors were actually given copies of the submissions, Dr. Potts cannot show that he was prejudiced by their admission. *See, e.g., Tobias v. State*, 666 N.E.2d 68, 73 (Ind.1996) (finding no prejudice where challenged exhibit was admitted but never communicated to jury). Absent prejudice, there is no reversible error on this issue.

### Issue Five: Judgment on the Evidence

Finally, Dr. Potts contends that the trial court erred when it denied his motion for judgment on the evidence. The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence. *Smock Materials Handling Co. v. Kerr*, 719 N.E.2d 396, 401 (Ind.Ct. App.1999). The grant or denial of a motion for judgment on the evidence is within the broad discretion of the trial court and will be reversed only for an abuse of that discretion. *Id.* Indiana Trial Rule 50 reads in pertinent part:

> Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

Upon review of a trial court's ruling on a motion for judgment on the evidence, we apply the same standard as the trial court, considering only the evidence and reasonable inferences most favorable to the nonmoving party. *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind.Ct.App.1999), *trans. denied.* Judgment may be entered only if there is no substantial evidence or reasonable inferences to be drawn therefrom to support an essential element of the claim. *Kerr*, 719 N.E.2d at 401. A judgment on the evidence is proper only when there is a total absence of evidence in favor of the plaintiff, that is, when the evidence is without conflict and is susceptible to only one inference and that inference is in favor of

the defendant. *Id.* Likewise, judgment on the evidence is proper if the inference intended to be proven by the evidence cannot logically be drawn from the proffered evidence without undue speculation. *Id.*

 Dr. Potts' motion was based solely on his contention that Kaleb failed to present sufficient evidence that Dr. Potts' conduct proximately caused Kaleb's injuries. A party's act is the proximate cause of an injury if it is the natural and probable consequence of the act and should have been reasonably foreseen and anticipated in light of the circumstances. *Basicker ex rel. Johnson v. Denny's, Inc.,* 704 N.E.2d 1077, 1080 (Ind.Ct.App.1999), *trans. denied.* In order for a plaintiff to carry his burden of proof, he must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing both that the wrongful act was a cause in fact of the occurrence and that the occurrence was a cause in fact of his injury. *Smith v. Beaty,* 639 N.E.2d 1029, 1033 (Ind.Ct.App.1994).

 Here, Kaleb presented the medical review panel's opinion that Dr. Potts' conduct fell below the applicable standard of care and was a factor in producing Kaleb's injury. Our supreme court has held that a panel opinion favorable to the plaintiff on the issue of proximate cause is sufficient to withstand a defendant's motion for judgment on the evidence. *See Bonnes v. Feldner,* 642 N.E.2d 217, 220 (Ind.1994). Accordingly, the trial court did not err when it denied Dr. Potts' motion for judgment on the evidence.

Affirmed.

KIRSCH and VAIDIK, JJ., concur.