Paul HOWARD d/b/a Paul's Truck & Auto Repair, Appellant–Defendant,

v.

Stephen P. DRAVET, Personally and as Administrator of the Estate of Moni M. Dravet, Deceased, and Christopher Dravet and Amanda Dravet b/n/f Stephen P. Dravet, Appellees–Plaintiffs.

No. 45A03–0312–CV–510.

Court of Appeals of Indiana.

Aug. 26, 2004.

Eric D. Johnson, Kightlinger & Gray, Indianapolis, IN, Attorney for Appellant.

Lynne D. Lidke, A. Jack Finklea, Scopelitis Garvin Light & Hanson, Indianapolis, IN, Attorneys for Appellees.

## OPINION

SHARPNACK, Judge.

In this interlocutory appeal, Paul Howard ("Howard") appeals the trial court's grant of a motion to quash a request for production filed by Great West Casualty Company ("Great West"), a non-party to the litigation. Howard raises one issue, which we restate as whether the trial court abused its discretion by granting the motion to quash the request for production based upon the attorney-client privilege and the work product doctrine. We reverse and remand.[1]

The relevant facts follow. On July 21, 1999, a semi-tractor trailer collided with a mini-van resulting in the death of a mother and severe injuries to two of her children. A complaint for damages was filed against the trucking company operator, the owner of the trailer, and the truck driver (collectively "the Defendants"), all of which were insured by Great West. Great West provided a defense for the Defendants, and the claims were settled and dismissed on July 10, 2001. However, before the claims were dismissed, an amended complaint was filed, adding Howard, the owner of Paul's Truck and Auto Repair, as a defendant. On June 30, 2003, Howard served a request for production of documents and a subpoena duces tecum on Great West. The discovery request asked for Great West's "complete file, including but not limited to recorded statements, records, photographs, investigation reports, diagrams, and any and all other documents pertaining to the automobile accident that occurred on July 21, 1999." Appellant's Appendix at 13.

In response to Howard's production request, Great West filed a motion to quash and sought a protective order. Great West argued that the requested documents were not subject to discovery under attorney-client privilege and work product doctrine. Great West filed a request for an *in camera* review, which the trial court granted. For the *in camera* review, Great West submitted to the trial court an evaluation letter from its counsel, Richard Holmes, Jr. The trial court granted Great West's motion to quash and entered the following order on October 2, 2003:

> The Court having read the briefs of the parties, having heard oral argument and having read counsel to Great West Casualty Company's initial correspondence to Great West as part of an in camera review, hereby finds that the materials sought by the defendant, Paul Howard, constitute documents or investigation

---

1. We direct Howard's attention to Ind.App. Rule 46(A)(10) which requires an appellant's brief to "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

subject to the attorney-client privilege and/or the attorney-work product privilege and are not subject to discovery. Non-party Great West Casualty Company's motion for protective order is GRANTED and the subpoena is hereby quashed.

Id. at 11–12.

The sole issue is whether the trial court abused its discretion by granting Great West's motion to quash the request for production based upon the attorney-client privilege and work product doctrine. Discovery is provided for in Ind. Trial Rule 26 and, in this case, Ind. Trial Rule 34. The scope of discovery is broad, as provided in Ind. Trial Rule 26(B):

(B) Scope of discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

\* \* \* \* \*

(3) Trial preparation: Materials. Subject to the provisions of subdivision (B)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under sub-division (B)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ Specific provisions for discovery by means of a request for production are provided for in Ind. Trial Rule 34:

(A) Scope. Any party may serve on any other party a request:

(1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including, without limitation, writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which intelligence can be perceived, with or without the use of detection devices) or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(B) and which are in the possession, custody or control of the party upon whom the request is served.

\* \* \* \* \*

The provisions of Ind. Trial Rule 34 also apply, as in this case, to a request for production to a non-party:

(C) Application to Non-parties:

(1) A witness or person other than a party may be requested to produce or permit the matters allowed by subsection (A) of this rule. Such request shall be served upon other parties and included in or with a subpoena served upon such witness or person.

\* \* \* \* \*

(3) The request shall contain the matter provided in subsection (B) of this rule. It shall also state that the witness or person to whom it is directed is entitled to security against damages or payment of damages resulting from such request and may respond to such request by submitting to its terms, by proposing different terms, by objecting specifically or generally to the request by serving a written response to the party making the request within thirty (30) days, or by moving to quash as permitted by Rule 45(B).

The grant or denial of motions for discovery rests within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Moyars v. Moyars*, 717 N.E.2d 976, 978 (Ind.Ct.App. 1999), *trans. denied.* An abuse of discretion will not be found unless the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

▇▇▇ First, Howard argues that the trial court abused its discretion by instituting a blanket privilege over the documents in the claim file. Blanket claims of privilege are not favored. *Petersen v. U.S. Reduction Co.,* 547 N.E.2d 860, 862 (Ind. Ct.App.1989). The party seeking to avoid discovery has the burden of establishing the essential elements of the privilege being invoked. *Id.* The claim of privilege must be made and sustained on a document-by-document basis. *Id.* This permits the trial court to rule on the assertion of privilege with specificity. *In Re Kefalidis,* 714 N.E.2d 243, 248–249 (Ind.Ct.App. 1999). When a "blanket" assertion of privilege is made, it will not suffice to block discovery. *Canfield v. Sandock,* 563 N.E.2d 526, 531 (Ind.1990), *reh'g denied.* "[T]he trial court must review the contested material and determine whether the claim is justified or mistaken and whether production of the requested documents should be barred or compelled." *Id.*

▇▇▇ Thus, Great West had the burden of establishing privilege as to each document requested by Howard. Great West disagrees that the trial court's grant of its motion to quash constituted a blanket privilege as to all the documents and argues that the evaluation letter, which it submitted to the trial court during the *in camera* review, established work product doctrine and/or attorney-client privilege with respect to each document requested by Howard.[2] We disagree.

Ind. Trial Rule 26(B) governs the work product doctrine and provides that:

---

2. Great West also argues that the request by Howard lacked the specificity required by Ind. Trial Rule 34 and that the trial court's decision to quash the request could be sustained on that basis. Our supreme court has held that "an item has been designated with reasonable particularity if the request enables the subpoenaed party to identify what is sought and enables the trial court to determine whether there has been sufficient compliance with the request." *In re WTHR–TV,* 693 N.E.2d 1, 6–7 (Ind.1998). Recognizing that a party making a request to produce initially may not know if the respondent even has anything subject to production, much less know exactly what the respondent has, we find the request here is sufficient to start the process of discovery. The request for the "complete file ... pertaining to the automobile accident that occurred on July 21, 1999," which accident was the subject of the pending action, could hardly leave the respondent in doubt as to what was requested. It was sufficient to require a detailed response indicating what was in the file and on what basis Great West claimed relief from production.

a party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by ... that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

While "ordinary" work product materials may be discoverable upon a special showing, "a party seeking discovery is never entitled to the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." *Penn Cent. Corp. v. Buchanan*, 712 N.E.2d 508, 516 (Ind.Ct.App.1999). "Such material, often called opinion work product, is entitled to absolute protection from discovery." *Id.* A claim of work product must be asserted "on a document-by-document basis." *Burr v. United Farm Bureau Mut. Ins. Co.* 560 N.E.2d 1250, 1255 (Ind.Ct.App.1990), *trans. denied.*

 As for the attorney-client privilege, it provides that attorneys "shall not be required to testify ... as to confidential communications made to them in the course of their professional business, and as to advice given in such cases." Ind. Code § 34–46–3–1 (1998). The attorney client privilege "applies to all communications between the client and his attorney for the purpose of obtaining professional legal advice or aid regarding the client's rights and liabilities." *Corll v. Edward D. Jones & Co.*, 646 N.E.2d 721, 724 (Ind.Ct. App.1995). The attorney-client privilege should be narrowly construed because the privilege may prevent the disclosure of relevant information. *Owens v. Best Beers of Bloomington, Inc.* 648 N.E.2d 699, 702 (Ind.Ct.App.1995). The burden to prove the applicability of the privilege is on the one who asserts it, and the privilege must be established as to each document sought. *Id.*

 Here, the evaluation letter, which contained legal advice to Great West from its counsel, is protected by the attorney-client privilege because it involved confidential communications. Although the evaluation letter was privileged under the attorney-client privilege, the submission of the evaluation letter to the trial court for *in camera* review was insufficient to establish that any other documents in the claim file were privileged. The evaluation letter does not describe or summarize any other document in the claim file and says nothing about the applicability of the work product doctrine or the attorney-client privilege to other documents in the claim file. "[An] *in camera* disclosure in ... [privilege] matters must be so complete and understandable [that] the trial court need not ... do any further research or review of other papers on the subject." *Burr*, 560 N.E.2d at 1255. In this case, Great West was required to assert the privilege on a document-by-document basis of the contents of the claim file.[3] Therefore, the trial court abused its discretion by granting Great West's motion to quash based solely upon its *in camera* review of the evaluation letter. *See, e.g., Hayworth*

---

3. The file might contain, for example, photographs taken during investigation of things, or places that no longer exist or are significantly changed. Such photographs could be admissible or lead to admissible evidence. Because of the circumstances of time passage, such items, even though prepared for litigation, might still be subject to production, because Howard is now "unable ... to obtain the substantial equivalent of the materials by other means." Ind. Trial Rule 26(B)(3).

*v. Schilli Leasing, Inc.* 669 N.E.2d 165, 169 (Ind.1996) (holding that blanket claims of privilege are not favored to prevent disclosure of confidential materials).

■■ Finally, we note that Ind. Trial Rule 26(F) provides:

> Before any party files any motion or request to compel discovery pursuant to Rule 37, or any motion for protection from discovery pursuant to Rule 26(C), or any other discovery motion which seeks to enforce, modify, or limit discovery, that party shall:
> (1) Make a reasonable effort to reach agreement with the opposing party concerning the matter which is the subject of the motion or request; and
> (2) Include in the motion or request a statement showing that the attorney making the motion or request has made a reasonable effort to reach agreement with the opposing attorney(s) concerning the matter(s) set forth in the motion or request....

The vital resource of the trial court's time should be spent on discovery issues rarely and sparingly. It is the responsibility of counsel to avoid, by cooperative effort, imposing on the trial courts for resolution of discovery matters. In those instances when the discovery matters cannot be resolved by the sincere efforts of counsel, the issues presented to the court should be sharply focused in fact, law, and number, so that the trial court's time required is minimal and well spent.

For the foregoing reasons, we reverse the trial court's grant of Great West's motion to quash and remand for proceedings consistent with this opinion.

Reversed and remanded.

DARDEN, J. and ROBB, J. concur.