Sharon **PETERSEN**, Individually and as Special Administrator of the Estate of Ralph Jones, Deceased, Appellant (Plaintiff Below),

v.

**U.S. REDUCTION COMPANY**; Robert Goss; William E. Howard; Calvin Moore; Joseph Messbrenner; Michael Ricigliano; Kenneth Haynes; B. Sims; E. Charles; M. Charles; E. Arnold; W. White; M. Brown; Edward Rucker; Herbert Hoover Turk; Vincent Smith; O'Neal Hampton; James Alford; F. Kimbrough; John Zablo; Cary Proctor, Jr.; Everett Spencer; Industrial Security Management, Inc., and George W. Wise, Appellees (Defendants Below).

No. 45A03–8903–CV–79.

Court of Appeals of Indiana, Third District.

Dec. 14, 1989.

Barry D. Rooth, Theodoros, Theodoros & Rooth, P.C., Merrillville, William J. Burke, Demos & Burke, Chicago, Ill., for appellant.

Harold Abrahamson, Abrahamson, Reed, Adley & Enslen, Hammond, Robert W. Smyth, Jr., Baker & McKenzie, Chicago, Ill., for appellees.

STATON, Judge.

Sharon Petersen appeals the trial court's order quashing a *subpoena duces tecum*, raising the sole issue whether the trial court abused its discretion.[1]

We reverse.

Petersen filed a wrongful death suit against U.S. Reduction and other defendants in the Circuit Court of Cook County in Illinois. Pursuant to Indiana Rules of Procedure, Trial Rule 28(E), she filed an Application for an Order for Notice of Depositions and Issuance of Subpoenas in the Lake Circuit Court in Crown Point, Indiana. The relevant portion of the application sought an order requiring Palmer Single-ton to appear for a deposition and issuing a *subpoena duces tecum* to him. Singleton is an attorney in Lake County who had previously represented U.S. Reduction. The subpoena directed to Singleton requested that he bring to the deposition:

> Any and all documents that pertain to:
>> (a) the strike of the Oil, Chemical & Atomic Worker's Union in August of 1982; and
>>
>> (b) any prior strike of the Oil, Chemical & Atomic Worker's Union at U.S. Reduction Company, prepared by or for the U.S. Reduction Company;
>
> including but not limited to legal pleadings including complaints for injunction or temporary restraining orders; and all supporting documentation; incident reports; correspondence with any public agency including any police departments; correspondence with Industrial Security Management, Inc. or any other guard or security service; correspondence with the Union.
>
> For each and every document to which a claim of privilege is made please indicate the nature of the document (e.g. letter, memo, etc.); the author(s) of the document; the date prepared; the intended recipients of the documents.

(Record 17.)

The Lake Circuit Court issued an order directing the clerk to issue the subpoena to Singleton and requiring Singleton to appear for deposition. U.S. Reduction filed a motion to quash the subpoena and to vacate the order asserting that the documents requested were protected by the attorney/client privilege and the work product doctrine. After a hearing on the motion the trial court quashed the subpoena and vacated its order as it pertained to Singleton. Although the order does not so reflect, the transcript of the hearing reveals, and the parties do not dispute, that the trial court allowed Singleton to be de-

---

1. U.S. Reduction raises the issue whether Indiana is the proper forum for discovery. T.R. 28(E) specifically is addressed to discovery in this State for use in proceedings in a tribunal out of this state. U.S. Reduction cites no authority for its proposition that Petersen is using an improper procedure, therefore, we will not address this issue.

posed.[2]

Petersen argues that the trial court abused its discretion in quashing the subpoena because U.S. Reduction made a "blanket claim" of privilege without making any kind of showing that the requested documents contained confidential communications or were prepared in anticipation of litigation. There is no dispute that some of the documents might be privileged. At issue is whether a general objection that all of the requested materials are privileged, without a specific showing, is sufficient to quash the subpoena.

 Blanket claims of privilege are not favored. The party seeking to avoid discovery has the burden of establishing the essential elements of the privilege being invoked. *United States v. Lawless* (7th Cir.1983), 709 F.2d 485, 487. The claim of privilege must be made and sustained on a question-by-question or *document-by-document basis*. *Id.*, citing *United States v. First State Bank* (7th Cir.1982), 691 F.2d 332, 335 (our emphasis); *Matter of Walsh* (7th Cir.1980), 623 F.2d 489, 493, *cert. denied* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291.

 As to the work product claim, U.S. Reduction argues that Petersen had the burden of showing a substantial need for the documents and an inability to obtain them elsewhere without undue hardship. However, before that burden falls upon Petersen, U.S. Reduction must first make a prima facie showing that the documents are protected by the work product doctrine. *American Buildings Co. v. Kokomo Grain Co., Inc.* (1987), Ind.App., 506 N.E.2d 56, 63, *trans. denied.*

 Here U.S. Reduction did no more than assert that all of the documents were privileged because Singleton was its attorney. This is not enough. U.S. Reduction had the burden of establishing at least one of the privileges as to each document requested and did not do so. The trial court abused its discretion in quashing the subpoena.

We reverse the judgment of the trial court and instruct it to reconsider the *subpoena duces tecum* and to afford the protective action appropriate and necessary as provided under Trial Rule 26(C).

Reversed.

GARRARD, P.J., and CHEZEM, J., concur.

---

2. The parties' briefs indicate that Singleton has not been deposed.