Ronald D. DEAN, Appellant–Movant,

v.

Kristine M. WEAVER, Appellee–
Respondent.

No. 20A03–1001–MI–9.

Court of Appeals of Indiana.

June 14, 2010.

Thomas R. Hamilton, Hunt Suedhoff Kalamaros, LLP, South Bend, IN, Attorney for Appellant.

Andrew Michael Hicks, Warrick & Boyn, LLP, Elkhart, IN, James C. Boerigter, Kreis Enderle Hudgins & Borsos, P.C., Kalamazoo, MI, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Movant, Ronald D. Dean (Dean), appeals the trial court's Order which denied his motion seeking collection of his expert witness fees from Appellee–Respondent, Kristine M. Weaver (Kristine).

We affirm.

### ISSUE

Dean raises three issues on appeal, one of which we find dispositive and which we restate as: Whether the trial court erred in determining that it lacked jurisdiction to reopen the cause for the sole purpose of collecting expert witness fees incurred in a deposition which was conducted during discovery proceedings pursuant to Indiana Trial Rule 28(E).[1]

### FACTS AND PROCEDURAL HISTORY

In March of 2007, Kristine initiated a divorce action against Loren A. Weaver (Loren) in the Circuit Court of St. Joseph County, Michigan. During the course of these proceedings, Loren disclosed Dean, Loren and Kristine's accountant, as a possible expert witness. In July of 2007, Loren filed a proceeding in the Elkhart County Superior Court, Indiana, seeking assistance in conducting discovery in Indiana, pursuant to Indiana Trial Rule 28(E). Using these proceedings, Kristine deposed Dean, an Indiana resident, over the course of several days in early January of 2009.

On January 29, 2009, Kristine and Loren notified the Michigan trial court that they had reached a full and complete settlement of all issues. On February 6, 2009, the Michigan trial court entered an Order for Final Property Settlement Distribution and Release of Claims reflecting Loren and Kristine's settlement. Thereafter, on March 20, 2009, the Elkhart Superior Court after noting that the divorce between Kristine and Loren had been settled, entered an order dismissing the cause of action for the proceedings conducted pursuant to Indiana Trial Rule 28(E).

On March 16, 2009, Dean invoiced Kristine and her attorney $3,139.90, which reflected the time he had spent in depositions in late January. Kristine refused to pay Dean's expert witness fees and costs. Consequently, on August 24, 2009, Dean petitioned the Elkhart Superior Court to reopen the Indiana cause for the sole purpose of collecting his unpaid expert witness fees of $3,139.90 and attorney fees. On September 28, 2009, the trial court

---

1. Because we resolve this case based on the jurisdictional issue, we do not need to reach the question whether Dean can be characterized as an expert witness and thus can request expert witness fees. Therefore, our references in this opinion to Dean's "expert witness fees" should not be taken as a ruling on that issue—we merely employ that terminology because both parties refer to Dean's fees as expert witness fees.

reopened the cause of action and reinstated the matter to the trial court's active docket. Dean submitted a Supplemental Memorandum of law in support of his motion for payment of expert witness fees and in response Kristine filed her Answer and Brief in Opposition, asserting that the trial court lacked jurisdiction over Dean's motion.

On December 9, 2009, the trial court issued an Order concluding that "the dismissal of the ancillary proceeding in Indiana terminated 'this [c]ourt's judicial power to deal with the parties named in that action and that the [c]ourt's order to reopen the case was improvidently made." (Appellant's App. p. 8).

Dean now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Dean contends that the trial court erred by finding that it lacked jurisdiction to reopen the cause and hear Dean's request for payment of his expert witness fees. Specifically, Dean asserts that because the trial court had established independent jurisdiction over the persons and subject matter, its authority is not derivative of the Michigan trial court that had jurisdiction over the divorce proceedings. As a result, Dean maintains that the trial court's jurisdiction survived the settlement of the divorce proceedings and as such the cause can be reopened to hear the issue of expert witness fees.

■ A court's jurisdiction either exists or does not, and the standard of appellate review for a motion to dismiss for lack of jurisdiction is a function of what occurred in the trial court. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). The standard of review is dependent upon (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. *Id.* Here, the relevant facts before the trial court were not in dispute, and the question of jurisdiction is purely one of law. *See id.* Consequently, our review is *de novo. Id.*

Turning to the origins of this cause, it should be noted that Kristine initiated divorce proceedings in the Circuit Court of St. Joseph County, Michigan. During these proceedings, Loren requested the assistance of the Elkhart Superior Court, Indiana to proceed with discovery in Indiana, pursuant to Indiana Trial Rule 28(E), which states

**Assistance to tribunals and litigants outside this state.**

A court of this state may order a person who is domiciled or is found within this state to give his testimony or statement or to produce documents or other things, allow inspections and copies and permit physical and mental examinations for use in a proceeding in a tribunal outside this state. The order may be made upon the application of any interested person or in response to a letter rogatory and may prescribe the practice and procedure, which may be wholly or in part the practice and procedure of the tribunal outside this state, for taking the testimony or statement or producing the documents or other things. To the extent that the order does not prescribe otherwise, the practice and procedure shall be in accordance with that of the court of this state issuing the order. The order may direct that the testimony or statement be given, or document or other thing produced, before a person appointed by the court. The person appointed shall have power to administer any necessary oath. A person within this state may voluntarily give his testimony or statement or produce docu-

ments or other things allowing inspections and copies and permit physical and mental examinations for use in a proceeding before a tribunal outside this state.

In support of his argument that Indiana Trial Rule 28(E) conveys continuing jurisdiction with respect to discovery issues on an Indiana tribunal, independent of the originating foreign tribunal, Dean relies on *Petersen v. U.S. Reduction Co.*, 547 N.E.2d 860 (Ind.Ct.App.1989). However, we find *Petersen* to be inapposite to the instant cause.

In *Petersen*, Petersen filed a wrongful death suit against U.S. Reduction in the Circuit Court of Cook County, Illinois. *Id.* at 861. Pursuant to Indiana Trial Rule 28(E), she filed an Application for an Order for Notice of Depositions and Issuance of Subpoenas in the Lake Circuit Court in Indiana. *Id.* The application included a *subpoena duces tecum* for an attorney who had previously represented U.S. Reduction. *Id.* The Lake Circuit Court issued an Order, requiring the attorney to appear for deposition. *Id.* U.S. Reduction filed a motion to quash the subpoena and to vacate the order requiring the attorney to bring certain documents because these documents were protected by the attorney/client privilege and the work product doctrine. *Id.* The trial court quashed the subpoena and vacated its order. *Id.* On appeal, we analyzed whether a general objection that all of the requested materials are privileged, without a specific showing, is sufficient to quash a subpoena. *Id.* at 862. We reversed, holding that claims of privilege must be made on a document-by-document basis and work product protection requires a *prima facie* showing that the documents are protected by the work product claim. *Id.* We remanded to the trial court to re-evaluate its decision in light of our guidelines. *Id.* Although Pet-

ersen uses the Indiana Trial Rule 28(E) procedure, the ultimate issue in this case revolves around privileges awarded to documents drawn up by counsel in discovery proceedings. As such, *Petersen* is not applicable to the case at hand.

Generally stated, Indiana Trial Rule 28(E) allows Indiana courts to assist tribunals and litigants outside this state by providing a mechanism to pursue discovery within Indiana's jurisdiction in a cause initiated outside Indiana's jurisdiction. As the discovery proceedings in Indiana aid the principal cause instituted outside of Indiana, proceedings under Indiana Trial Rule 28(E) are properly characterized as ancillary proceedings. *See Chapman v. Grimm & Grimm, P.C.*, 638 N.E.2d 462, 466 (Ind.Ct.App.1994) (where we defined ancillary proceedings as attending upon or aiding a principal proceeding). Because ancillary proceedings aim to further a principal proceeding, they can only exist by virtue of the main cause of action—without the main cause of action, they would not be required. Here, an Indiana trial court was requested to help a party in a divorce proceeding which was commenced in Michigan to pursue discovery in Indiana. As such, the Indiana trial court acquired its jurisdiction by virtue of the Michigan cause.

Furthermore, pursuant to Indiana Trial Rule 28(E), this jurisdiction was limited to providing assistance in discovery issues— ordering a person to give testimony or statement, or to produce documents or other things, allow inspections and copies and permit physical and mental examinations for use in a proceeding in a tribunal outside this state. Based on the unambiguous and narrow language of the Trial Rule, this jurisdiction does not expand to disputes over expert witness fees. Therefore, we find that the Indiana trial court which had acquired restrictive jurisdiction

pursuant to Indiana Trial Rule 28(E) to conduct ancillary discovery proceedings, lacks the jurisdiction to reopen the cause and hear Dean's motion on the payment of his fees.

Even if we were to consider the payment of attorney fees to be an issue intrinsically bound to the discovery proceeding commenced under Indiana Trial Rule 28(E), we would still reach the same result. Dean filed his motion for payment of attorney fees after Kristine and Loren entered into a divorce settlement. Thus, because the Michigan cause was settled and an order was issued prior to Dean filing his motion for payment of attorney fees, Michigan's jurisdiction ended and consequently, Indiana's derivative jurisdiction to conduct the ancillary proceedings pursuant to Indiana Trial Rule 28(E) extinguished at that moment as well.

## CONCLUSION

Based on the foregoing, we find that the trial court lacked jurisdiction to reopen the cause for the sole purpose of collecting expert witness fees incurred in a discovery deposition which was conducted pursuant to Indiana Trial rule 28(E).

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.